1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    JENIFER OROZCO ACOSTA                      3:25-cv-09601

8                    Plaintiff,

9         v.                                    **ORDER GRANTING TEMPORARY
                                                RESTRAINING ORDER**
10   SERGIO ALBARRAN et al.

11                  Defendants.

12

13         Jenifer Orozco Acosta ("petitioner") move the Court *ex parte* for a temporary restraining

14   order that would, among other things, require her immediate release from ongoing detention by

15   agents of Immigration and Customs Enforcement ("ICE") and prohibit ICE from re-arresting her

16   without notice and a pre-detention bond hearing.[1] For the reasons set forth below, the Court grants

17   the requested order. The Court orders defendants to release Ms. Orozco Acosta from her ongoing

18   detention and prohibits defendants from re-arresting or otherwise re-detaining her without first

19   providing her with a pre-detention bond hearing before an immigration judge at which the

20   government establishes by clear and convincing evidence that her detention is necessary to prevent

21   her flight or to protect the public.

22                                     **BACKGROUND**

23         The evidence before the Court establishes that Ms. Orozco Acosta fled her home country

24

---

25   [1] Petitioners ask the Court to order that they remain within the Northern District of California in
     order to preserve this Court's jurisdiction over their petition. But it is well-established that "when
26   the Government moves a habeas petitioner after she properly files a petition naming her immediate
     custodian, the District Court retains jurisdiction and may direct the writ to any respondent within
27   its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*,
     542 U.S. 426, 441 (2004). Petitioners also request that the Court prohibit their deportation during
28   the pendency of the underlying case. At this time, however, the threat of deportation is too remote
     to warrant emergency *ex parte* relief.

United States District Court
Northern District of California

1  and entered the United States in 2023. Immigration officials apprehended and released her on her

2  own recognizance under 8 U.S.C. § 1226(a), concluding that she posed little if any flight risk or

3  danger to the community. Ms. Orozco Acosta filed an application for asylum, withholding of

4  removal, and protection under the Convention Against Torture, and has complied with her ICE

5  and immigration court requirements. Ms. Orozco Acosta has not been convicted of a crime.

6      On November 6, 2025, Ms. Orozco Acosta appeared at the immigration court in San

7  Francisco for a master hearing. During the hearing, the government moved to dismiss her pending

8  case. The immigration judge continued the hearing to allow Ms. Orozco Acosta to respond to the

9  motion.

10     As Ms. Orozco Acosta exited the courtroom, ICE agents arrested her. She is currently

11  being held at the San Francisco Immigration Court at 630 Sansome Street, San Francisco,

12  California.

13     Ms. Orozco Acosta, with representation of counsel, filed a petition for a writ of habeas

14  corpus and an *ex parte* motion for a temporary restraining order on November 6, 2025. Among

15  other claims, she contends that her arrest and detention violates the Due Process Clause of the

16  Fifth Amendment, both substantively (because defendants allegedly have no valid interest in

17  detaining her) and procedurally (because defendants have not or would not provide a pre-detention

18  bond hearing). The defendants are Sergio Albarran, Field Office Director of the San Francisco

19  Immigration and Customs Enforcement Office; Todd Lyons, Acting Director of United States

20  Immigration and Customs Enforcement; Kristi Noem, Secretary of the United States Department

21  of Homeland Security; and Pamela Bondi, Attorney General of the United States.

22                                      **LEGAL STANDARDS**

23     The standard for issuing a temporary restraining order is largely identical to the standard

24  for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir.

25  2017). Petitioners seeking such relief must establish that (1) they are "likely to succeed on the

26  merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3)

27  "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest."

28  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can only show that

United States District Court
Northern District of California

there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). "Where, as here, the party opposing injunctive relief is a government entity, the third and fourth factors—the balance of equities and the public interest— merge." *Hubbard v. City of San Diego*, 139 F.4th 843, 854 (9th Cir. 2025) (citation modified).

Although the substantive standards for both motions are similar, the timeframe for a temporary restraining order is different. While a preliminary injunction remains in effect pending final resolution of the litigation, "a TRO 'should be restricted to … preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

Federal Rule of Civil Procedure 65(b)(1) allows a temporary restraining order to be issued without notice to the opposing party—i.e., *ex parte*—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

## ANALYSIS

As an initial matter, Ms. Orozco Acosta has satisfied the requirements for issuance of an *ex parte* order. The affidavit of petitioner's counsel demonstrates that Ms. Orozco Acosta will suffer immediate and irreparable injury, loss, or damage by virtue of her continued detention before respondents can be heard in opposition, and that counsel attempted to contact Civil Division chief Pamela Johann of the United States Attorney's Office for the Northern District of California on November 6, 2025, at 2:11 p.m..

With respect to the showing required to justify Ms. Orozco Acosta's requested relief, she has demonstrated a likelihood of success on the merits of her claim that her ongoing detention

United States District Court
Northern District of California

3

violates her procedural due process rights under the Due Process Clause of the Fifth Amendment. The Court recently considered that issue under virtually indistinguishable circumstances in *Pablo Sequen v. Albarran*, No. 25-CV-06487-PCP, __ F. Supp. 3d __, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025). For the reasons explained in far greater detail therein, a noncitizen like Ms. Orozco Acosta who was conditionally released into the United States has a significant liberty interest in remaining out of immigration custody. *Id.* at *5. Because Ms. Orozco Acosta has resided in the United States for well more than a year—certainly long enough to "begin[] to develop … ties" and become "a part of our population"—the Fifth Amendment entitles her to due process protections for that liberty interest. *Id.* at *5 (first quoting *Landon v. Plasencia*, 459 U.S. 21, 32–33 (1982); and then quoting *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903)). The statutory procedures potentially available to Ms. Orozco Acosta do not satisfy that constitutional mandate. Even assuming that she will receive a post-arrest bond hearing before an immigration judge, there remains a substantial risk that the government is erroneously depriving Ms. Orozco Acosta of her liberty in the meantime, as the available record suggests that she is neither a flight risk nor a danger to the public *See id.* at *8; *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Given the apparent lack of a valid basis on which to detain Ms. Orozco Acosta and the limited cost of providing a custody hearing in immigration court, the government has at most a minimal countervailing interest in her continued detention. *See Pablo Sequen*, __ F. Supp. 3d __, 2025 WL 2935630 at *12; *Garro Pinchi v. Noem*, No. 5:25-cv-05632, __ F.Supp.3d __, 2025 WL 2084921, at *6 (N.D. Cal. July 24, 2025). Taken together, the strength of Ms. Orozco Acosta's liberty interest, the high likelihood of erroneous deprivation, and the government's minimal countervailing interest demonstrate that she is likely to succeed on the merits of her procedural due-process claim. *See Pablo Sequen*, __ F. Supp. 3d __, 2025 WL 2650637 at *12; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Ms. Orozco Acosta has also demonstrated a likelihood of irreparable injury in the absence of temporary relief due to her ongoing and likely unconstitutional deprivation of liberty. "The loss or threatened infringement upon [constitutional] rights for even minimal periods of time unquestionably constitutes irreparable injury." *Cuviello v. City of Vallejo*, 944 F.3d 816, 832 (9th

4

Cir. 2019) (citation modified). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (citation modified). "[I]t follows inexorably from [the Court's] conclusion" that Ms. Orozco Acosta "will likely be deprived of [her] physical liberty unconstitutionally in the absence of the injunction ... that [she] ha[s] also carried [her] burden as to irreparable harm." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

The final two *Winter* factors, the balance of the equities and public interest, merge because the government is the opposing party. These factors also weigh heavily in favor of granting a temporary restraining order. "Because public interest concerns are implicated when a constitutional right has been violated, all citizens have a stake in upholding the Constitution, meaning it is always in the public interest to prevent the violation of a party's constitutional rights." *Baird*, 81 F.4th at 1042 (citation modified). Further, "the Ninth Circuit has recognized that 'the costs to the public of immigration detention are staggering.'" *Jorge M. F. v. Wilkinson*, No. 21-CV-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (citation modified) (quoting *Hernandez*, 872 F.3d at 996). And where Ms. Orozco Acosta is suffering irreparable harm while in detention, the potential harm to the government—at worst, a short delay in detaining her until it makes the requisite showing of necessity before a neutral decisionmaker—is minimal. *See id.* at *3; *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). In any case, enjoining the government from constitutional violations does not impose harm "in any legally cognizable sense." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Finally, Ms. Orozco Acosta's immediate release is required to return her to the status quo. The "status quo" refers to the state of the parties' relationship "before the action challenged in the complaint occurred." *Youth 71Five Ministries v. Williams*, No. 24-101, __ F.4th __, 2025 WL 2385151, at *5 (Aug. 18, 2025). Here, that is the moment prior to Ms. Orozco Acosta's likely illegal detention. *See Pablo Sequen*, __ F. Supp. 3d __, 2025 WL 2650637, at *4 n.2; *Kuzmenko v. Phillips*, No. 25-CV-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

United States District Court
Northern District of California

1  Because Ms. Orozco Acosta satisfies all of the requirements for temporary injunctive relief

2  and such relief is necessary to restore the status quo, her motion for a temporary restraining order

3  is granted. *See Pablo Sequen v. Kaiser*, No. 25-CV-06487-PCP, 2025 WL 2203419, at *3 (N.D.

4  Cal. Aug. 1, 2025) (collecting similar cases). And because "there is no realistic likelihood of harm

5  to the [respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919

6  (9th Cir. 2003), no security is needed to ensure that respondents will be reimbursed for "costs and

7  damages sustained by … hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

8  The Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. *Jorgensen*,

9  320 F.3d at 919.

**CONCLUSION**

11  For the foregoing reasons, it is hereby **ORDERED** that petitioners' motion for a temporary

12  restraining order as to Ms. Orozco Acosta is **GRANTED** to preserve the status quo pending

13  further briefing and a hearing on this matter. Defendants are **ORDERED** to immediately release

14  Ms. Orozco Acosta from custody and are **ENJOINED AND RESTRAINED** from re-detaining

15  her without providing her with a pre-deprivation hearing before a neutral decisionmaker at which

16  the government establishes by clear and convincing evidence that her detention is necessary to

17  prevent her flight or to protect the public. Should defendants choose to conduct such a hearing,

18  defendants are **ORDERED** to provide Ms. Orozco Acosta with reasonable advance notice of the

19  time and place of the hearing.

20  This Order shall remain in effect until November 20, 2025. The Petition for Writ of Habeas

21  Corpus, Dkt. No. 1, Motion for Temporary Restraining Order, Dkt. No. 2, and this Order **SHALL**

22  be served on defendants such that they receive actual notice as soon as possible. Petitioners shall

23  file proof of service or a status report by no later than November 7, 2025, at 5:00 p.m. Defendants

24  shall provide a status report confirming the release of Ms. Orozco Acosta by no later than

25  November 7, 2025, at 5:00 p.m.

26  Defendants are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not

27  issue in favor of Ms. Orozco Acosta. The hearing will be held in the courtroom of the assigned

28  Judge at 2:00 p.m. on November 18, 2025, or as otherwise ordered by that Judge. Defendants shall

United States District Court
Northern District of California

file a response to petitioners' motion by no later than November 10, 2025. Any reply shall be filed by November 14, 2025.

**IT IS SO ORDERED.**

Dated: November 6, 2025



P. Casey Pitts
United States District Judge