UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENIFER OROZCO ACOSTA,

Plaintiff,

v.

PAMELA BONDI, et al.,

Defendants.

Case No. 25-cv-09601-HSG

**ORDER DISMISSING CASE AND GRANTING MOTION TO WITHDRAW**

Re: Dkt. Nos. 24, 28

Pending before the Court is Respondent's Motion to Dismiss, Dkt. No. 28, and Petitioner's counsel's motion to withdraw as counsel, Dkt. Nos. 24, 28. The Court **DISMISSES** the case for failure to prosecute, and **GRANTS** the motion to withdraw.

## I.    BACKGROUND

Petitioner is a foreign national who fled her home country of Columbia and arrived in the United States in 2023. Dkt. No. 1, Petition for Writ of Habeas Corpus ("Habeas Petition") ¶ 45. After entering the United States, Petitioner filed an application for asylum and duly appeared at her immigration hearings. *Id.* ¶ 46. In November 2025, Petitioner was arrested by immigration officials after appearing in immigration court for a master hearing. *Id.* ¶ 1. She immediately filed a writ of habeas corpus and moved for a temporary restraining order, Dkt. Nos. 1, 2, which the Court granted, Dkt. No. 3. The Court later granted a preliminary injunction that enjoined the government from re-detaining Petitioner. Dkt. No. 11.

Following the Court's order granting the preliminary injunction, the Court set a briefing schedule for Petitioner's habeas petition. Dkt. Nos. 17, 18, 19, 22. Shortly before Respondent's return was due, counsel for Petitioner filed a motion to withdraw as her attorney, citing a "fundamental breakdown in the attorney-client relationship." Dkt. No. 24 at 2. The Court set a

United States District Court
Northern District of California

case management conference, at which counsel for Petitioner represented that she believed her client had returned to her home country of Colombia and that Petitioner had not been responsive to her outreach efforts. At the Court's direction, Respondent filed a motion to dismiss, Dkt. No. 28, and counsel for Petitioner filed a declaration detailing her efforts to reach her client, Dkt. No. 29 ("Housman Decl.").

## II.    DISMISSAL FOR FAILURE TO PROSECUTE

### A.    Legal Standard

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

### B.    Discussion

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.2d at 1260–61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Petitioner has not filed her traverse, as set by the parties' briefing schedule, nor has she filed an opposition to Respondent's

United States District Court
Northern District of California

2

motion to dismiss.  Additionally, Petitioner's counsel represents that Petitioner has not been responsive to her outreach efforts.  Housman Decl. ¶¶ 4–13.  The Court is satisfied that Petitioner's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation."  *See Pagtalunan*, 291 F.3d at 642.  This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants.  *See id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Id.*  Here, Petitioner has demonstrated "routine noncompliance": she failed to timely file a traverse or respond to Respondent's motion to dismiss. *See* Dkt. Nos. 22 (setting return deadline of May 18, 2026 for Petitioner's traverse filing), 28 (setting motion response deadline of May 8, 2026).  Petitioner's noncompliance "has consumed some of the court's time that could have been devoted to other cases on the docket."  *See Pagtalunan*, 291 F.3d at 642.  This factor also weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."  *Id.* (citation omitted).  In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal.  *Id.*  And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint.  191 F.3d at 991–92. Here, Petitioner has failed to timely engage in motion practice, and has not been communicative with her counsel.  Additionally, her counsel represents that she believes Petitioner has ceased communications because Petitioner has returned to Colombia, effectively abandoning her underlying asylum claim.  As a result, Ms. Housman's motion to withdraw remains unresolved and the matter remains at a standstill.  This factor therefore weighs in favor of dismissal.

United States District Court
Northern District of California

The fourth factor considers whether the Court has attempted to avail itself of less drastic alternatives that have proven ineffective in advancing the case. *Ferdik*, 963 F.2d at 1260–61. The Court has no opportunity to consider less drastic measures, because Petitioner's apparent departure from the country was only relayed to the Court at the most recent case management conference. But nothing in the current record suggests any likelihood that Petitioner intends to pursue this case. This factor therefore only nominally weighs against dismissal.

The last factor—the public policy favoring disposition on the merits—weighs against dismissal here, as it always will even when a party entirely fails to prosecute. *See Pagtalunan*, 291 F.3d at 643.

On balance, consideration of the five factors in light of the record here weighs in favor of dismissal.

## III.    MOTION TO WITHDRAW AS COUNSEL

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-

700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at \*2 (N.D. Cal. Aug. 18, 2010) (citing cases).

Ms. Housman seeks to withdraw because of a fundamental breakdown in communication with her client. Dkt. No. 24 at 2. Ms. Housman reported that Petitioner had not responded to any of her communication, and she submitted a declaration detailing her efforts to reach her client. The Court finds that Ms. Housman's request to withdraw satisfies the applicable local rules. She provided notice to Petitioner and Respondent of the administrative motion to withdraw. Neither Petitioner nor Respondent objected. Further, as noted above, Ms. Housman believes that Petitioner has left the country, effectively abandoned her underlying asylum claim. Based on the record before the Court, the Court is persuaded that counsel filed the motion with a good faith belief that there is good cause for withdrawal. *See* CA ST RPC, Rule 3-700(C)(6).

## IV.    CONCLUSION

Accordingly, the Court **DISMISSES** Petitioner's case without prejudice for failure to prosecute. Defendant's motion to dismiss, Dkt. No. 28, is **TERMINATED AS MOOT**. Ms. Housman's motion to withdraw as counsel for Petitioner is **GRANTED**. The Clerk is directed to enter judgment in favor of Respondent and against Petitioner, and to close the case.

**IT IS SO ORDERED.**

Dated: June 18, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5